United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Vahid Arpaderli  
    Debtor

Case No. 14-15595-mdc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: admin     Page 1 of 2     Date Rcvd: Aug 09, 2019  
                      Form ID: 3180W     Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 11, 2019.
```
db           +Vahid Arpaderli,   108 Kingswood Court,    Cherry Hill, NJ 08034-1332
13348450     +2601 Parkway Condominium Association,   c/o Robert J. Hoffman, Esquire,    326 West State Street,
               Media, PA 19063-3861
13421459      Jefferson Univ. Hosps.,   c/o State Coll. Srv. Inc.,    2509 S. Stoughton Rd.,   PO Box 6250,
               Madison, WI 53716-0250
13396159     +LSF8 Master Participation Trust,   Caliber Home Loans, Inc.,    13801 Wireless Way,
               Oklahoma City, OK 73134-2500
13363094      PHILA GAS WORKS,   800 W MONTGOMERY AVE,3F,    PHILADELPHIA, PA 19122,    ATTN:BANKRUPTCY UNIT
13913971     +U.S. Bank NA, successor trustee to Bank,    Serviced by Select Portfolio Servicing,,
               3217 S. Decker Lake Dr.,   Salt Lake City, UT 84119-3284
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           E-mail/Text: megan.harper@phila.gov Aug 10 2019 04:01:44     City of Philadelphia,
               City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Aug 10 2019 04:01:41     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,   Room 1250,    615 Chestnut Street,   Philadelphia, PA 19106-4404
13447168     +E-mail/Text: megan.harper@phila.gov Aug 10 2019 04:01:45
               CITY OF PHILADELPHIA, LAW DEPARTMENT  TAX UNIT,    MUNICIPAL SERVICES BUILDING,
               1401 JOHN F. KENNEDY BLVD., 5TH FLOOR,    PHILADELPHIA, PA 19102-1640
13363632      EDI: CAUT.COM Aug 10 2019 07:28:00      JPMorgan Chase Bank, N.A.,
               National Bankruptcy Department,    P.O. Box 29505  AZ1-1191,    Phoenix, Arizona 85038-9505
13353916      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 10 2019 04:00:02
               Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
               Harrisburg, PA 17128-0946
                                                                                                TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*          Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2019                                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 8, 2019 at the address(es) listed below:
```
          ANDREW F GORNALL    on behalf of Creditor    U.S. Bank National Association, as Trustee, successor
           in interest to Bank of America, National Association as Trustee successor by merger to LaSalle
           Bank National Association, as Trustee for Bear Stea agornall@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          MATTHEW CHRISTIAN WALDT    on behalf of Creditor    U.S. Bank NA, successor trustee to Bank of
           America, NA, sucessor in interest to LaSalle Bank National Association mwaldt@milsteadlaw.com,
           bkecf@milsteadlaw.com
          MATTHEW CHRISTIAN WALDT    on behalf of Creditor    U.S. Bank NA, successor trustee to Bank of
           America, NA, sucessor in interest to LaSalle Bank National Association, on behalf of the
           registered holders of Bear Stearns Asset Backed Securities I Trust 2 mwaldt@milsteadlaw.com,
           bkecf@milsteadlaw.com
          NATHALIE  PAUL    on behalf of Creditor    LSF8 Master Participation Trust, by Caliber Home Loans,
           Inc., solely in its capacity as servicer npaul@weltman.com, PitEcf@weltman.com
          REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank National Association, as Trustee,
           successor in interest to Bank of America, National Association as Trustee successor by merger to
           LaSalle Bank National Association, as Trustee for Bear Stea bkgroup@kmllawgroup.com
          ROBERT J. HOFFMAN    on behalf of Creditor    2601 Parkway Condominium Association
           collections@marcushoffman.com
```

```
District/off: 0313-2          User: admin              Page 2 of 2             Date Rcvd: Aug 09, 2019
                              Form ID: 3180W           Total Noticed: 11
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        THOMAS I. PULEO    on behalf of Creditor    U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee successor by merger to LaSalle Bank National Association, as Trustee for Bear Stea tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
        ZACHARY   PERLICK    on behalf of Debtor Vahid  Arpaderli Perlick@verizon.net, pireland1@verizon.net

                                                                                                                TOTAL: 10

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Vahid Arpaderli** | Social Security number or ITIN **xxx–xx–8838** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **14–15595–mdc** | |

# Order of Discharge                                                                                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Vahid Arpaderli

<u>8/8/19</u>                                                          **By the court:**     <u>Magdeline D. Coleman</u>
                                                                                                             United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**